**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 26-6186**

─────────────

JUAN ZAPATA,

        Petitioner - Appellant,

    v.

WARDEN FCI EDGEFIELD,

        Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  David C. Norton, District Judge.  (5:25-cv-00635-DCN)

─────────────

Submitted:  April 23, 2026                      Decided:  April 28, 2026

─────────────

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Juan Zapata, Appellant Pro Se.  Charles W. Scarborough, Jennifer L. Utrecht, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Zapata, a federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation and denying relief on Zapata's 28 U.S.C. § 2241 petition. In his petition, Zapata challenged a disciplinary hearing officer's ("DHO") finding that he possessed a hazardous tool (a cellphone) and the resulting revocation of good conduct time. We affirm.

"We review the district court's denial of habeas corpus relief de novo." *Valladares v. Ray*, 130 F.4th 74, 80 (4th Cir. 2025). A finding of guilt in a prison disciplinary proceeding must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "This is an exceedingly lenient standard, requiring only a modicum of evidence in order to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." *Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (internal quotation marks omitted). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." *Id.* at 455-56. But "if some evidence is to be distinguished from no evidence, it must possess at least some minimal probative value if it is to be found adequate to satisfy the requirements of the Due Process Clause that the decisions of prison administrators must have some basis in fact." *Tyler*, 945 F.3d at 171 (internal quotation marks omitted).

After reviewing the record, we conclude that there was "some evidence" supporting the revocation of Zapata's good conduct time.  The officer's written report, Zapata's statement during the disciplinary hearing, the photograph of the phone, and Zapata's disciplinary record established, at a minimum, that he constructively possessed the phone. Accordingly, we affirm the district court's order.  *Zapata v. Warden FCI Edgefield*, No. 5:25-cv-00635-DCN (D.S.C., Dec. 18, 2025).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*